IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

**SANDY MAYNOR**                                                     **PLAINTIFF**

vs.                                    No. 5:21-cv-36

**ADAM GONZALEZ and RUBEN CASTRO**                  **DEFENDANTS**

<u>**ORIGINAL COMPLAINT**</u>

COMES NOW Plaintiff Sandy Maynor ("Plaintiff"), by and through her attorneys Merideth Q. McEntire and Josh Sanford of the Sanford Law Firm, PLLC, and for her Original Complaint against Adam Gonzalez and Ruben Castro (collectively "Defendant" or "Defendants"), she does hereby state and allege as follows:

## I.  PRELIMINARY STATEMENTS

1.      Plaintiff brings this action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), for declaratory judgment, monetary damages, liquidated damages, interest, and costs, including reasonable attorneys' fees, as a result of Defendant's failure to pay Plaintiff lawful overtime compensation for hours worked in excess of forty hours per week.

2.      Upon information and belief, within the three years prior to the filing of this Complaint, Defendant has willfully and intentionally committed violations of the FLSA as described, *infra.*

3.      Plaintiff also brings this action under the Families First Coronavirus Response Act, Division E—Emergency Paid Sick Leave Act, 29 U.S.C. § 2601,

*et seq.* ("FFCRA"), for declaratory judgment, monetary damages, and a reasonable attorney's fee and costs as a result of Defendants' failure to provide paid sick time to Plaintiff and Defendants' unlawful termination of Plaintiff under the FFCRA.

## II.   JURISDICTION AND VENUE

4.      The United States District Court for the Western District of Texas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA and the FFCRA.

5.      The acts alleged in this Complaint had their principal effect within the San Antonio Division of the Western District of Texas, and venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## III.      THE PARTIES

6.      Plaintiff is an individual and resident of Bexar County.

7.      Separate Defendant Adam Gonzalez ("Gonzalez") is an individual and resident of Texas.

8.      Separate Defendant Ruben Castro ("Castro") is an individual and resident of Texas.

## IV.      FACTUAL ALLEGATIONS

9.      Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

10.     Defendants own and operate an Allstate insurance agency.

11.     Gonzalez took an active role in operating the insurance agency and in the management thereof.

12.     Gonzalez, in his role as an operating employer, had the power to hire and fire Plaintiff, often supervised Plaintiff's work and determined her work schedules, and made decisions regarding Plaintiff's pay, or lack thereof.

13.     Gonzalez, at relevant times, exercised supervisory authority over Plaintiff in relation to her work schedule, pay policy and the day-to-day job duties that Plaintiff's jobs entailed.

14.     Gonzalez acted as the employer of Plaintiff and is and has been engaged in interstate commerce as that term is defined under the FLSA.

15.     Castro took an active role in operating the insurance agency and in the management thereof.

16.     Castro, in his role as an operating employer, had the power to hire and fire Plaintiff, often supervised Plaintiff's work and determined her work schedules, and made decisions regarding Plaintiff's pay, or lack thereof.

17.     Castro, at relevant times, exercised supervisory authority over Plaintiff in relation to her work schedule, pay policy and the day-to-day job duties that Plaintiff's jobs entailed.

18.     Castro acted as the employer of Plaintiff and is and has been engaged in interstate commerce as that term is defined under the FLSA.

19.     Defendant employs two or more individuals who engage in interstate commerce or business transactions, or who produce goods to be transported or sold in interstate commerce, or who handle, sell, or otherwise work with goods or materials that have been moved in or produced for interstate commerce, such as computers, office equipment, credit cards and the internet.

20.    Defendant's annual gross volume of sales made or business done is not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) in each of the three years preceding the filing of the Original Complaint.

21.    Defendant participated in the management of Plaintiff's work, including setting and enforcing the amount of hours worked and the amount and manner of compensation paid.

22.    Defendant dictated, controlled and ratified, both implicitly and explicitly, the wage and hour practices and all related employee compensation policies that are at issue in this case.

23.    Defendant is an "employer" within the meanings set forth in the FLSA, and was, at all times relevant to the allegations in this Complaint, Plaintiff's employer.

24.    At all times material herein, Plaintiff has been entitled to the rights, protections and benefits provided under the FLSA.

25.    Plaintiff was employed by Defendant as an Office Manager from June of 2020 until December of 2020.

26.    Defendant classified Plaintiff as a salaried employee, exempt from the overtime requirements of the FLSA.

27.    At all relevant times herein, Defendant directly hired Plaintiff to work at its offices, paid her wages and benefits, controlled her work schedule, duties, protocols, applications, assignments and employment conditions, and kept at least some records regarding her employment.

28.     As Office Manager, Plaintiff was primarily responsible for completing paperwork, providing quotes to customers and answering customer questions, and making inside sales.

29.     Plaintiff did not have the authority to hire or fire any other employee, nor were her recommendations for hiring or firing given particular weight.

30.     Plaintiff did not exercise discretion or independent judgment as to matters of significance.

31.     Plaintiff sought input from her supervisors in lieu of making significant decisions on her own.

32.     Plaintiff did not manage the enterprise or a customarily recognized department or subdivision of the enterprise.

33.     Plaintiff regularly worked over forty hours per week.

34.     Plaintiff estimates she worked approximately 40 to 50 hours per week.

35.     Defendant did not pay Plaintiff 1.5x her regular rate of pay for hours worked over 40 per week.

36.     Although Defendant did not have a time clock system with which Plaintiff could clock in and out, much of Plaintiff's work was time-stamped.

37.     Additionally, during most of the time Plaintiff worked, she worked closely with Gonzalez.

38.     Defendant knew or should have known that Plaintiff worked over forty hours in many weeks during her employment.

39.     At all relevant times herein, Defendant has deprived Plaintiff of overtime compensation for all of the hours she worked over forty per week.

40.     Defendant knew or showed reckless disregard for whether its actions violated the FLSA.

41.     On or around December 23, Plaintiff was exposed to someone who had contracted COVID-19. Plaintiff immediately notified Defendant that she would need to be tested for COVID-19 and would not be able to come to work.

42.     On December 24, Plaintiff got tested for COVID-19.

43.     On December 28, Plaintiff learned that she had tested positive for COVID-19, and immediately informed Defendant of her diagnosis.

44.     Defendant told Plaintiff that she would not be paid sick leave under the FFCRA.

45.     Defendant terminated Plaintiff's employment on December 28.

46.     Defendant terminated Plaintiff's employment as a direct result of Plaintiff's COVID-19 diagnosis.

## V.      FIRST CAUSE OF ACTION—VIOLATION OF THE FLSA

47.     Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

48.     Plaintiff asserts this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

49.     At all times relevant to this Complaint, Defendant has been Plaintiff's "employer" within the meaning of the FLSA, 29 U.S.C. § 203.

50.    At all times relevant to this Complaint, Defendant has been, and continues to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

51.    29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to 40 each week and to pay 1.5x regular wages for all hours worked over 40 each week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying Department of Labor regulations.

52.    At all times relevant times to this Complaint, Defendant misclassified Plaintiff as exempt from the overtime requirements of the FLSA.

53.    Despite the entitlement of Plaintiff to overtime payments under the FLSA, Defendant failed to pay Plaintiff an overtime rate of 1.5x her regular rate of pay for all hours worked over 40 each week.

54.    Defendant's failure to pay Plaintiff all overtime wages owed was willful.

55.    By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three years prior to the filing of this Complaint.

**VI.    SECOND CAUSE OF ACTION—VIOLATION OF THE FFCRA**

56.    Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully set forth herein.

57.     Plaintiff asserts this claim for damages and declaratory relief pursuant to the FFCRA, 29 U.S.C. § 5101, *et seq.*

58.     At all relevant times, Defendants were Plaintiff's "employers" within the meaning of the FFCRA, 29 U.S.C. § 5110(2).

59.     At all relevant times, Plaintiff was an "employee" within the meaning of the FFCRA, 29 U.S.C. § 5110(1).

60.     Section 5102 of the FFCRA requires employers to provide paid sick leave to each full-time employee for up to eighty hours. Any employer who fails to provide paid sick leave shall be considered to have failed to pay minimum wages in violation of the FLSA.

61.     Defendants failed to pay Plaintiff sick leave, despite Plaintiff's entitlement thereto.

62.     Section 5104 of the FFCRA prohibits employers from terminating the employment of an employee who takes leave in accordance with the FFCRA.

63.     Defendants terminated Plaintiff's employment because she took leave in accordance with the FFCRA.

64.     Defendants knew or should have known that their practices violated the FFCRA.

65.     Defendants' conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary, and in bad faith.

66.     By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiff for, and Plaintiff seeks, reinstatement, monetary damages, liquidated

damages, prejudgment interest, and costs, including reasonable attorney's fees as provided by the FFCRA

## VII.    PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Sandy Maynor respectfully prays as follows:

A.     That each Defendant be summoned to appear and answer this Complaint;

B.     That Defendant be required to account to Plaintiff and the Court for all monies paid to Plaintiff;

C.     A declaratory judgment that Defendant's practices alleged herein violate the FLSA;

D.     Judgment for damages for all unpaid overtime wage compensation owed under the FLSA;

E.     Judgment for liquidated damages pursuant to the FLSA;

F.     Judgment for damages suffered by Plaintiff for all unpaid wages under the FFCRA and its related regulations;

G.     Judgment for liquidated damages pursuant to the FFCRA and its related regulations;

H.     Reinstatement pursuant to the FFCRA;

I.     An order directing Defendant to pay Plaintiff prejudgment interest, reasonable attorney's fees and all costs connected with this action;

J.     For a reasonable attorney's fee, costs, and interest; and

K.     Such other relief as this Court may deem just and proper.

Respectfully submitted,

**PLAINTIFF SANDY MAYNOR**

SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Parkway, Suite 510
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

*/s/ Merideth Q. McEntire*
Merideth Q. McEntire
Tex. Bar No. 24105123
merideth@sanfordlawfirm.com

*/s/ Josh Sanford*
Josh Sanford
Tex. Bar No. 24077858
josh@sanfordlawfirm.com